UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SCARBROUGH | 2:25-cv-1897-CKD P |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO SHERIFF'S DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff Leonard Scarbrough, a jail inmate, proceeds without counsel and requests to proceed in forma pauperis. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). For screening purposes, the complaint states claims under 42 U.S.C. § 1983 against Deputy Gonzalez and Deputy Rozo for allegedly using unconstitutionally excessive force against plaintiff. No other claims are stated. Plaintiff may proceed on the excessive force claims against these defendants or plaintiff may file an amended complaint under the guidelines set forth below.

**I.     In Forma Pauperis**

Plaintiff's declaration in support of the motion to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee

1

from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.   Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III.   Allegations in the Complaint

Plaintiff alleges that on March 14, 2025, Deputy Haven and another deputy brought an inmate to plaintiff's cell at the Sacramento County Jail. (ECF No. 1 at 3.) Plaintiff stated he did not want to be housed with the inmate and felt homicidal for himself and the inmate. (Id.) An unspecified deputy became aggressive, slammed plaintiff to the ground, and started twisting plaintiff's arm and using handcuffs to shatter his wrist. (Id.) More unspecified deputies came and twisted plaintiff's ankle and arm and a deputy put a knee in plaintiff's back. (Id.)

Plaintiff was moved to the third floor and asked Deputies Rozo, Gonzalez and Kat for blankets. (ECF No. 1 at 4.) After grabbing the bedding, plaintiff asked Deputy Gonzalez "are you refusing to sign my grievance[?]" (Id.) Deputy Gonzalez stated, "don't fucking look at me" and Deputy Rozo slammed plaintiff to the ground, chipping plaintiff's tooth. (Id.) Deputy Gonzalez began twisting plaintiff's arm trying to break it. (Id.) The following day, plaintiff asked Deputy Gonzalez for a tablet and had another incident with Deputy Gonzalez trying to twist plaintiff's arm and shove him as he was putting on handcuffs. (Id.) Plaintiff's braid was yanked out. (Id.)

The complaint identifies four defendants: County of Sacramento Sheriff's Department, Chief Deputy Sergeant Jim Cooper, Deputy Sheriff Gonzalez, and Deputy Sheriff Rozo. (ECF No. 1 at 2.) In claim one, plaintiff alleges the defendants violated his Eighth Amendment rights

2

by using excessive force. (Id. at 3.) In claim two, plaintiff alleges Sergeant Cooper and the Sheriff's Department failed to properly train the deputies who assaulted him. (Id. at 6.) In claim three, plaintiff alleges a violation of California's Tom Bane Civil Rights Act ("Bane Act") for "retaliation" and specifically in connection with the incidents involving Deputy Gonzalez. (Id. at 7.) Plaintiff seeks money damages and equitable relief. (Id. at 8.)

### IV.     Discussion

Plaintiff's allegations against Deputy Gonzalez and Deputy Rozo state excessive force claims. If plaintiff was a convicted jail inmate, those claims are cognizable under the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). If plaintiff was a pretrial detainee, those claims are cognizable under the Fourteenth Amendment. See Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). The complaint does not state an excessive force claim against defendant Sergeant Jim Cooper because plaintiff does not allege specific facts demonstrating the sergeant's personal involvement. See Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010). Sergeant Cooper cannot be held liable solely based on holding a supervisory position at the prison. See Rodriguez v. County of Los Angeles, 891 F.3d 776, 798 (9th Cir. 2018) (a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others).

The complaint does not state a claim based on alleged failure to train. To prevail on such a claim, a plaintiff must prove the failure to train amounts to deliberate indifference to the rights of those with whom the untrained officials come into contact. See City of Canton v. Harris, 489 U.S. 378, 388 (1989). In order to state a claim for municipal liability against the County of Sacramento for the conduct of the sheriff's department, plaintiff must allege facts showing (1) he was deprived of a constitutional right, (2) the County has a policy, custom or practice which amounted to deliberate indifference to that constitutional right, and (3) the policy, custom or practice was the moving force behind the constitutional violation. See Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). Plaintiff's conclusory allegations of failure to train and the incidents of excessive force involving plaintiff do not adequately set forth a pattern of similar constitutional

3

violations and do not state a municipal liability claim or give adequate notice of a failure to train claim against Sergeant Cooper as a supervising official. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Hyde v. City of Willcox, 23 F.4th 863, 875 (9th Cir. 2022).

The complaint also does not state any claim under the Bane Act because it contains no facts suggesting plaintiff complied with California's Government Claims Act ("GCA"). No state claim for money or damages may be brought against a public entity unless those claims have been presented for review and rejected by a notice issued or a failure to act. See Cal. Gov't Code § 900 et seq. Compliance with the GCA is required before plaintiff may sue a state entity or its officers under the California Constitution or the Bane Act. See Mohsin v. California Dep't of Water Res., 52 F. Supp. 3d 1006, 1017 (E.D. Cal. 2014) (dismissing state law claims for failure to allege compliance with GCA).

## V.  Leave to Amend

Plaintiff may proceed on the excessive force claims against Deputy Gonzalez and Deputy Rozo or plaintiff may file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff must complete and return to the court the attached notice along with any optional amended complaint. This opportunity to amend is not for the purposes of adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). An amended complaint should be titled "First Amended Complaint" and reference the case number.

If plaintiff chooses to proceed on the claims stated, the court will construe the choice as a request to voluntarily dismiss the additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Then the court will send plaintiff the necessary forms for service of the complaint on defendants Gonzalez and Rozo.

## VI.  Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English. This summary is not intended as legal advice.

////

Your allegations state excessive force claims against defendants Gonzalez and Rozo. You may proceed on those claims or file an amended complaint. You must complete the attached notice and return it to the court within 30 days from the date of this order, along with any optional amended complaint.

### VII. Conclusion

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 4) is GRANTED.
2. Plaintiff's complaint states excessive force claims against defendants Gonzalez and Rozo; plaintiff may proceed on those claims or file an amended complaint.
3. Within thirty (30) days of the date of this order, plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.
4. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated: November 21, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, scar1897.scrn.elect

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD SCARBROUGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SACRAMENTO SHERIFF'S DEPARTMENT,<br><br>　　　　　Defendants | 2:25-cv-1897-CKD P<br><br><br>NOTICE OF ELECTION |

Check **one**:

\_\_\_\_\_　Plaintiff wants to proceed on the complaint as screened with excessive force claims against defendants Gonzalez and Rozo. Plaintiff understands that by choosing to proceed on these claims, the court will construe this as a request to voluntarily dismiss the other claims and defendants pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

\_\_\_\_\_　Plaintiff wants to amend the complaint.

DATED:_____　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

6